### Woods v. State.

(In Banc. Dec. 9, 1940.)

[198 So. 882. No. 34367.]

Gordon L. Smith, of Greenwood, for appellant.

30

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of larceny. The error assigned, raised first in this court, is that the venue is in Carroll and not Leflore County. The Assistant Attorney General admits that such is the fact.

The evidence warrants a finding that the appellant stole a cow in Carroll County and there sold it to another who sent it into Leflore County where it was found by its owner. After selling the cow the appellant had no further control over or connection with it, and had nothing to do with its being carried into Leflore County.

Section 1188, Code 1930, provides that ''Where the property is stolen in another state or country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.'' This section is in accord with the common law except as to the provision ''where the same may be found.''

The stolen cow was found in Leflore County; but to apply the last quoted words of the statute here would violate Section 26 of the State Constitution under which the venue in prosecutions for crime is in ''the county where the offense was committed.'' '' 'Larceny, like every other offense, must regularly be tried in the same

county or jurisdiction in which it was committed; but it should be noted with respect to larceny, that the offence is considered as committed in every county or jurisdiction into which the thief carries the goods; for the legal possession of them remains in the true owner, and every moment's continuance of the trespass and felony, amounts to a new caption and asportation.' 2 Russell Cr. Law, 116." Watson v. State, 36 Miss. 593, 605. Where the stolen property is carried into another county without the person by whom it was stolen being in any way a party thereto, no crime is committed by him in the county into which the property was carried.

Reversed and remanded.