The night marshal of the town of Rolling Fork in Sharkey County was killed in that town about ten o'clock on a Saturday night by a negro named Harry Sias. Some time after midnight, according to the state's evidence, the killer accompanied by his brother appeared at the home of appellant, situated about five miles west of Rolling Fork and over the county line in Issaquena County. The killer besought appellant to take him to his home *Page 296 
which was about twenty miles farther into Issaquena County. Appellant declined to do so but consented that the killer might take appellant's automobile then at appellant's home, and that the car might be driven by the brother. The killer and his brother drove away in the car, the brother driving. In order to reach their home it was necessary to follow a road which lead for a few miles within Sharkey County and thence westwardly into Issaquena County, and this was the route taken. Appellant had had no part whatever in the killing but had heard that it had happened.
As stated, appellant did not go with the killer or the car, and he committed no act in Sharkey County. The driver was in no sense the agent of appellant, or in any way in the slightest under his control. All that appellant did was to deliver to the killer and his brother appellant's automobile, and this was done and completed in Issaquena County. Appellant's only connection with the automobile after the killer and his brother took charge of it and got in it and began to drive away — all of which happened in Issaquena County — was that appellant was the owner of the car. When the occupants started the engine and drove away appellant's connection with the automobile, other than as owner, ceased and this was before the automobile reached the Sharkey County line. If therefore appellant committed any crime it was wholly in Issaquena County, and no part of it in Sharkey County; wherefore, under the present record and under Sec. 26, Const. 1890, the courts of Sharkey County were without any jurisdiction of the prosecution of appellant as an accessory after the fact under Sec. 770, Code 1930, 2 Code 1942, Sec. 1996, and of which he was convicted.
No case directly in point has been cited by either side, nor have we found any after a diligent search. We must, therefore, rely upon applicable principles. Had the killer and his brother negligently collided with and injured some person while passing along the highway in Sharkey *Page 297 
County, appellant would not have been civilly liable. The fact that they were using his car would not be sufficient to make appellant a tort feasor in the premises; they were on no mission for him. A fortiori he was guilty of no criminal offense in Sharkey County merely because of his ownership of the vehicle, and which he did not attend either in person or by agent. Compare Woods v. State, 190 Miss. 28, 198 So. 882.
Reversed and remanded.